780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
RICKEY TUCKER, Plaintiff-Appellant,
v.
HERMAN C. DAVIS, WARDEN, Defendant-Appellee.
 85-5436
 United States Court of Appeals, Sixth Circuit.
 11/4/85
 
 AFFIRMED
 W.D.Tenn.
 ORDER
 BEFORE: ENGEL and MILBURN, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After Examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Rickey Tucker is appealing the dismissal of his 42 U.S.C. Sec. 1983 action. This action is one of many filed by inmates at Ft. Pillow State Prison as a result of the warden's handling of a work stoppage on July 11, 1983. On the date of the work stoppage, despite efforts of the appellee warden to resolve the crisis, the inmates stayed in the prison court yard nearly all day. Around 5:00 p.m., the warden ordered all the inmates to the west sector of the court yard. Razor wire was strung, and armed guards were positioned to keep the inmates in that portion of the prison yard. The work stoppage lasted three days. The appellee provided food, water and medical care to the inmates. Also, containers were given to the inmates to be used as toilets. During the period, four inmates were shot and wounded as they tried to leave the fenced area. The appellant was not wounded in this incident.
 
 
 3
 The appellant's complaint sets forth two claims. First, he alleges that his right to due process was violated because he was placed in the confined area but was not part of the work stoppage. Second, he alleges that the conditions within the confined area violated the eighth amendment prohibition against cruel and unusual punishment. This case had previously been consolidated with several other cases involving the same factual situation and the same alleged constitutional deprivations. This Court has found such contentions to be without merit. Kinley v. Davis, Nos. 84-5454, 84-5456 (6th Cir. August 27, 1985); Holliday v. Davis, Nos. 84-5509, 84-5746 (6th Cir. August 29, 1985); Williams v. Davis, No. 84-5782 (6th Cir. September 17, 1985).
 
 
 4
 Prison officials are given wide-ranging deference in the execution of policies needed to preserve internal order and maintain security. Bell v. Wolfish, 441 U.S. 520, 547 (1979). Under the emergency situation that existed at Ft. Pillow Prison on July 11, 1983, the warden acted reasonably to assure the security of the prison. See Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982); Collins v. Ward, 544 F. Supp. 408, 412 (S.D. N.Y. 1982); see also Soto v. Dickey, 744 F.2d 1260, 1267-70 (6th Cir. 1984), cert. denied, 105 S. Ct. 1846 (1985).
 
 
 5
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.